DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Adams County Court of Common Pleas, which sentenced Defendant-Appellant William Hellman, who pled guilty to one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(c), to be incarcerated for six years. The trial court also adjudicated appellant a sexual predator. Appellant argues that the trial court erred by adjudicating him a sexual predator and by not imposing the minimum sentence allowed.
 {¶ 2} For the reasons that follow, we disagree with appellant's arguments and affirm the judgment of the court below.
 The Trial Court Proceedings {¶ 3} Defendant-Appellant William Hellman pled guilty to one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(c). Evidently, appellant had sexual intercourse with his then seventeen-year-old stepdaughter who is mentally retarded. The trial court subsequently conducted a sentencing hearing on the matter.
 {¶ 4} The state argued for the imposition of a six-year prison sentence, while appellant argued for the minimum sentence, three years incarceration.
 {¶ 5} After stating on the record that it had considered the victim impact statement and pre-sentence investigation report (PSI),[1]
the trial court found that the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public. The trial court then imposed a six-year prison term on appellant, including three years of mandatory imprisonment.
 {¶ 6} Thereafter, the trial court conducted a sexual offender classification hearing, at which both parties presented argument, but no testimony or evidence. The trial court adjudicated appellant a sexual predator pursuant to R.C. 2950.09.
 The Appeal {¶ 7} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 8} First Assignment of Error: "The trial court erred by designating appellant a sexual predator."
 {¶ 9} Second Assignment of Error: "The trial court erred by not sentencing defendant to the shortest prison term without making the requisite findings."
 I. Sexual Predator Classification {¶ 10} In appellant's First Assignment of Error, he argues that the trial court erred by classifying him as a sexual predator pursuant to R.C. 2950.09. Appellant asserts that the evidence does not support the trial court's determination.
 {¶ 11} When it made its determination that appellant was a sexual predator, the trial court stated that it had considered the factors set forth in R.C. 2950.09(B)(2), the parties' arguments, the pre-sentence investigation report, and the victim impact statement. The PSI indicates that on several occasions appellant had sexual intercourse with the victim starting when she was nine years of age. Further, the PSI indicates that appellant has a prior felony theft conviction for which he had been placed on probation in 1995. The PSI also indicates one other conviction in 1990 for driving while under suspension.
 {¶ 12} Additionally, the PSI indicates that the victim had been removed from appellant's home by Adams County Children's Services for a short time in 1999, because the victim reportedly suffered a "busted lip" and a bruise to her back at the hands of appellant. Appellant was never charged for the incident and the victim was returned to appellant's home because "the home situation had improved."
 {¶ 13} Finally, the PSI indicates that during an interview appellant suggested that the reason he was in trouble was because he had a "malicious stepdaughter" who had threatened to get him in trouble if he did not allow her to do as she pleased.
 {¶ 14} The victim impact statements indicate that the victim has had to undergo counseling, that she suffers from nightmares, that due to her fear, she sleeps with a knife under her pillow. Also, the victim indicated her concern for appellant's younger daughter and her fear that appellant would harm her as he did the victim.
 A. State v. Eppinger {¶ 15} At the outset, we note that in State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881, the Supreme Court of Ohio stated:
 {¶ 16} "[A] person who has been convicted of or who has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses. One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior." Id. at 162.
 {¶ 17} In Eppinger, the issue addressed by the Supreme Court of Ohio was whether a trial court was required to appoint an expert witness in order to determine whether a defendant should be classified a sexual predator. See State v. Eppinger, supra. The court resolved the issue by holding that in some cases an expert witness may be necessary to determine whether a defendant is likely to commit one or more sexually-oriented offenses in the future. See id. at syllabus.
 {¶ 18} The Supreme Court of Ohio has provided guidance directing that, when conducting a sexual predator hearing, a trial court should create a record for review. See Eppinger, supra. Also, expert testimony may be required and a trial court should engage in the analysis as set forth in Eppinger if the defense requests a court-appointed expert. See id. Finally, a trial court "should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination" regarding the factors. See id.; see, also, State v. Huck, Washington App. No. 01CA1, 2001-Ohio-2563; State v. Askew, Scioto App. No. 00CA2749,2001-Ohio-2490; State v. Slider, Washington App. No. 00CA22,2001-Ohio-2400.
 {¶ 19} In the case sub judice, the trial court conducted a hearing that does not resemble the model sexual predator hearing described inEppinger. For instance, the record presented for our review is minimal. Also, although the trial court stated on the record that it considered the factors found in R.C. 2950.09(B)(2), it did not discuss those factors, the evidence going towards the factors, or which factors it relied on in making its determination.
 {¶ 20} Nevertheless, we now address the issue of whether the trial court's classification is supported by the evidence in the record.
 B. Manifest Weight of the Evidence {¶ 21} The trial court's determination that appellant is a sexual predator will not be reversed as being against the manifest weight of the evidence if there is some competent, credible evidence to support its judgment. See State v. Morris (July 18, 2000), Washington App. No. 99CA47, citing State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,280, 376 N.E.2d 578, syllabus.
 {¶ 22} In order for a trial court to adjudicate a defendant a sexual predator, the state must prove by clear and convincing evidence that the defendant was convicted of, or pled guilty to, a sexually oriented offense and that the defendant is likely to engage in one or more sexually oriented offenses in the future. See R.C. 2950.01(E); Statev. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247, 743 N.E.2d 881.
 {¶ 23} When determining whether an offender is a sexual predator, the trial court "shall consider all relevant factors." R.C. 2950.09(B)(2). R.C. 2950.09 provides that the trial court should consider several factors, including, but not limited to the following: (1) the offender's age; (2) the offender's prior criminal record including, but not limited to, sexually oriented offenses; (3) the victim's age; (4) whether the offender's offense involved multiple victims; (5) whether drugs or alcohol were used to impair the victim or prevent the victim from resisting; (6) any mental illness or mental disability of the offender; (7) the nature of the offender's sexual interaction with the victim and whether the offender's conduct was a part of a pattern of abuse; (8) whether the offender displayed cruelty, or made one or more threats of cruelty, during the commission of the sexually oriented offense; and (9) any behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a)-(j).
 {¶ 24} Furthermore, in State v. Thompson (1999),140 Ohio App.3d 638, 748 N.E.2d 1144, the Eighth District Court of Appeals noted that, "Simply committing a single sexually oriented offenseis not proof, without further evidence or other compelling facts, that the offender is `likely to engage in the future in one or more sexually oriented offenses.'" [Emphasis sic.] Id. at 646, quoting State v. Ward
(1999), 130 Ohio App.3d 551, 720 N.E.2d 603.
 {¶ 25} Nevertheless, "a trier of fact may look at past behavior in determining future propensity because past behavior is often an important indicator for future propensity. * * * For that very reason a court may designate a first time offender as a sexual predator." [Citations omitted.] State v. Huck, Washington App. No. 01CA1, 2001-Ohio-2563. Additionally, "[a] court may classify an offender as a `sexual predator' even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense." See id.
 {¶ 26} In the case sub judice, appellant does not contest that the state has proven the first element required to have him classified a sexual predator. A "sexually oriented offense" includes any one of a variety of listed offenses, including a violation of R.C. 2907.02 to which appellant pled guilty in the case sub judice. R.C. 2950.01(D)(2)(a). However, appellant asserts that the state presented no evidence to the trial court which would support the trial court's finding that appellant was likely to commit a sexually oriented offense in the future.
 {¶ 27} As we have already noted, the trial court stated without further elaboration that it had considered the statutory factors. In addition to this statement, the trial court made note of appellant's prior felony conviction, the three years probation imposed upon appellant stemming from that conviction, and the occasion where emergency custody of the victim was given to Adams County Children's Services.
 {¶ 28} From the record, it is apparent that there was some competent, credible evidence to support the trial court's determination that appellant is a sexual predator. In looking at the statutory factors, we note that there are several that would lead the trial court to conclude that appellant is likely to engage in future sexual offenses. For instance, appellant's conduct was a part of a more pervasive pattern of abuse, in that from the time she was nine years of age, appellant had sexual intercourse on multiple occasions with his stepdaughter. Appellant forced his stepdaughter to engage in this conduct by threatening to "kick" her out of the only home she had ever known.
 {¶ 29} Accordingly, we find that the trial court's determination that appellant is a sexual predator is supported by some competent, credible evidence. Thus, the trial court's judgment is not against the manifest weight of the evidence and we overrule appellant's First Assignment of Error.
 II. Sentencing {¶ 30} In his Second Assignment of Error, appellant argues that the trial court erred by not imposing the minimum sentence prescribed by law.
 {¶ 31} An appellate court may not modify or vacate a trial court's sentence unless it "clearly and convincingly" finds: "(1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law." State v. Canter, Athens App. No. 01CA38, 2001-Ohio-2642, citing R.C. 2953.08(G); Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16. Accordingly, a reviewing court should examine the record to ascertain whether the trial court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines. See Statev. Dunwoody (Aug. 5, 1998), Meigs App. 97CA11. Further, we note that we may not simply substitute our judgment for that of the trial court. SeeState v. Jones, 93 Ohio St.3d 391, 399-400, 2001-Ohio-1341,754 N.E.2d 1252.
 {¶ 32} Pursuant to R.C. 2929.14(B), a trial court that imposes a prison term upon a defendant who previously has not served a prison term, must "impose the shortest prison term authorized for the offense," unless the trial court "finds on the record" one of the following: (1) "that the shortest prison term will demean the seriousness of the offender's conduct"; or (2) that the shortest prison term "will not adequately protect the public from future crime by the offender or others." R.C.2929.14(B); see, also, State v. Canter, Athens App. No. 01CA38,2001-Ohio-2642.
 {¶ 33} Appellant argues that, although the trial court determined that the minimum sentence would demean the seriousness of appellant's offense and would not adequately protect the public, the trial court failed to state its reasons for so finding.
 {¶ 34} In Canter, supra, this Court addressed this very argument. In so doing, we noted that, "[t]he word `find' as used in [R.C. 2929.14(B)] does not require the trial court to give specific reasons `for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.'" Canter, supra, quoting State v. Edmonson, 86 Ohio St.3d 324,326, 1999-Ohio-110, 715 N.E.2d 131.
 {¶ 35} In the case sub judice, the trial court specifically found that imposing the minimum sentence would demean the seriousness of appellant's offense and not adequately protect the public, and the record supports the court's findings. See Dunwoody, supra.
 {¶ 36} Accordingly, we overrule appellant's Second Assignment of Error.
 III. Conclusion {¶ 37} Therefore, we overrule appellant's assignments of error in toto and affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, J.: Concur in Judgment Only.
[1] We note that when the record was transmitted to this Court, the PSI and the victim impact statements were not included in accordance with R.C. 2951.08(F). Accordingly, we ordered that they be transmitted to this Court, which was promptly done. Thus, both the PSI and the victim impact statements, although sealed under R.C. 2951.03, are a part of the record on appeal. See R.C. 2951.08(F).